Nathan Brown (SBN 033482)
BROWN PATENT LAW
15100 N 78th Way Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474
Nathan.Brown@BrownPatentLaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Snyder**,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>Landcar Management**,** LTD**.,** *doing business as* Larry H. Miller Dealerships, a Utah limited partnership,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Ronald Snyder ("Plaintiff" or "Snyder") brings this Class Action Complaint, and Demand for Jury Trial against Defendant Landcar Management, Ltd., doing business as Larry H. Miller Dealerships ("Defendant" or "LHM Dealerships") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls to consumers who are registered on the National Do Not Call Registry without consent, including pre-recorded calls.

Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Snyder, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.      Plaintiff Ronald Snyder is a resident of Buckeye, Arizona.

2.      Defendant LHM Dealerships is a Utah limited partnership. Defendant LHM Dealerships conducts business throughout this District and the US.

## JURISDICTION AND VENUE

3.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.      This Court has personal jurisdiction over the Defendant and the venue is proper because the Defendant conducts business in this District and the wrongful conduct giving rise to this case was directed to the Plaintiff by the Defendant, and received by the Plaintiff, in this District.

## INTRODUCTION

5.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls.

The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.      When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7.      By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8.      The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9.      Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10.     According to online robocall tracking service "YouMail", 4.4 billion robocalls were placed in March 2022 alone, at a rate of 140.8 million calls per day. www.robocallindex.com (last visited April 11, 2022).

11.     The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.     Defendant LHM Dealerships is an automobile dealership, and they conduct business throughout the U.S.[3]

15.     Employees of Defendant LHM Dealerships conduct telemarketing campaigns on behalf of Defendant LHM Dealerships to solicit business for LHM Dealerships to consumers throughout the U.S. including cold calling and placing

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/larry-h-miller-dealerships/about/

calls to consumers whose phone numbers are registered on the National Do Not Call registry.

16.    Other consumers have also posted complaints regarding receiving unwanted telemarketing calls from the Defendant using the same phone number, 858-705-4277, from which Plaintiff Snyder was called:



17.    Multiple consumers have complained about receiving unwanted calls from or on behalf of Defendant LHM Dealerships franchises, including the one at Surprise, AZ from which Plaintiff Snyder was called, for instance:

- 

---

[4] https://directory.youmail.com/directory/phone/8587054277
[5] https://lookup.robokiller.com/p/480-994-0301

**Caller name: Larry H. Miller Hyundai**

**Caller type: Telemarketer**

" they never let up on the calls

- Anonymous
🇺🇸 Texas

**Was this comment helpful?   Yes   No   1**

[6]

---

Caller name: Larry H. Miller Hyundai

Caller type: Telemarketer

" left a message...garbled his name but clearly said he was calling from Larry H. Miller Hyundai.

- Anonymous
🇺🇸 Arizona

Was this comment helpful?   Yes   No                    [Reply]   August 18, 2019 [7]

---

Caller type: Unknown

" Larry Miller Hyundai - I've told them SEVERAL TIMES - do not call me - I'm not interested in selling my car or any other 'deals' they offer but they NEVER LEARN!

- Dee
🇺🇸 Arizona

Was this comment helpful?   Yes   No                    [Reply]   August 6, 2020 [8]

---

Local car dealer (Telemarketer) reported by *ChaCha*
These calls are coming from Larry Miller Hyundai. I never answer...daily calls since mid-Dec. 2019. [9]

---

Telemarketer reported by *76.120.42.xxx*                                        03/16/2018
Larry H. Miller Jeep dealer. I already bought another vehicle from someone else. I told them but they still keep calling me. They kind of a pain in the ****. [10]

---

[6] https://www.callercenter.com/480-207-3783.html
[7] *Id.*
[8] *Id.*
[9] https://www.shouldianswer.com/phone-number/4802073783
[10] https://www.shouldianswer.com/phone-number/7209618387

18.    Defendant LHM Dealerships hires employees for cold calling consumers to solicit business for the dealerships, including for the franchise at Surprise, AZ, for instance these job posts were posted by the Defendant:



---

[11] https://www.indeed.com/cmp/Larry-H.-Miller/jobs?jk=17f3f200ad3f8f7b&q=&l=Surprise%2C%20AZ&start=0

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Entry Level Sales Representative**

Larry H Miller Nissan Arapahoe - Englewood, CO

$18 an hour

**Apply Now**

LHM Nissan Arapahoe is seeking highly motivated individuals to join our team! We have positions available in Entry Level Sales, which consist of making outgoing phones calls, taking incoming phone calls, and responding to internet leads. This is an hourly position plus bonuses for appointments set that are sold. This position is a great way to work your way into the sales department if you choose and will provide you with all the tools and training to suceed!

Job Type: Full-time

Pay: $18.00 per hour

- [12]

[12] https://www.indeed.com/cmp/Larry-H.-Miller/jobs?jk=ea0cba4b3870d88e&q=sales&l=&start=0

**Automotive Sales Associate**

Larry H. Miller Toyota Murray - Murray, UT

**Apply Now**

**Responsibilities**

- Protect the legal, financial and moral well being of the Larry H. Miller Dealerships
- Understand and adhere to group sales process to promote sales and customer service satisfaction
- Be a teacher to support the efforts of other employees to be successful
- Seek ways to improve business operations efficiencies and customer service
- Maximize production, customer service and profitability.
- Adhere to Larry H. Miller sales process to achieve or exceed group standards such as sales production, gross profit and applicable benchmarks which result in profitability and customer service satisfaction.
- Maintain thorough knowledge of current automotive products, features, benefits, specifications, prices, options, models and equipment to effectively communicate with customers and exceed customer satisfaction benchmarks.
- Build and maintain a remarkable customer centered sales and service experience.
- Recommend, select and help locate or obtain inventory based on customer needs and desires.
- Prospect on a day-to-day basis by phone, mail and person to person.
- Maintain a prospective development plan. Follow up with customers regularly to ensure ongoing sales and service relationships are maintained.
- Monitor, track and strive to meet sales goals each month. [13]

19.     Several employees and former employees from multiple franchises of Defendant LHM Dealerships including the franchise at Surprise, AZ, have posted reviews calling out Defendant's cold calling practices, for instance:

---

[13] https://www.indeed.com/cmp/Larry-H.-Miller/jobs?jk=17f3f200ad3f8f7b&q=&l=Surprise%2C%20AZ&start=0

### Good First Job

Sales Associate (Former Employee) - Albuquerque, NM - July 18, 2019

If you like standing around and waiting and this is the job for you. Management expects you to sell when they can't even bring any customers in for you to sell to. Our advertising team is horrible and management can't seem to understand that. Cold calling is a must. [14]

### car sales

Sales Associate (Former Employee) - Surprise, AZ - September 3, 2018

long hrs your in car sales want to make money go through the pain. hit the lot make phone calls and if you learn the biz you can make good money never give up

✓ **Pros**
   money
✕ **Cons**
   hrs [15]

### Working to find opportunities with *leads* and calls

Internet Sales Manager (Current Employee) - Aurora, CO - November 10, 2017

A lot of changes have happened over the last several months so nothing is really set in stone. Has a lot of potential but just not the right fit for my selling style and income needs at this time

✓ **Pros**
   can be fun and fast paced at time
✕ **Cons**
   lack of direction and systems in place for success [16]

### fast-paced

Business Development Rep (Former Employee) - Tucson, AZ - March 22, 2018

A lot of sitting on the phone, making cold calls. A lot of cold *leads* and cancelled appointments. Great bonuses when you reached your goals. [17]

---

[14] https://www.indeed.com/cmp/Larry-H.-Miller/reviews?fcountry=ALL&fjobtitle=Sales+Associate
[15] https://www.indeed.com/cmp/Larry-H.-Miller/jobs?jk=17f3f200ad3f8f7b&q=&l=Surprise%2C%20AZ&start=0
[16] https://www.indeed.com/cmp/Larry-H.-Miller/reviews?fcountry=US&ftext=cold+calling#
[17] *Id.*

**Slow store**

Sales and Leasing professional (Former Employee) - Mesa, AZ - July 25, 2017

Management is ok half of the sales people are good, very slow store. a lot of *cold calling* very slow foot traffic whole store runs off appointments and internet.

- [18]

**set up for failure**

Sales Consultant (Former Employee) - Denver, CO - July 20, 2020

favoritisms, no support from management, lots of *cold calling,* no chance to advance unless you kiss your boss's, employees fight to steal your customer specially vets and management wont care

- [19]

## PLAINTIFF SNYDER'S ALLEGATIONS

20.     Plaintiff Snyder registered his residential landline phone number ending xxx-xxx-1808 on the DNC on November 3, 2006.

21.     Plaintiff's phone is for personal use and not associated with a business.

22.     In March 2022, Plaintiff started receiving unwanted prerecorded telemarketing calls to his landline phone promoting Defendant LHM Dealerships' services.

23.     On or around March 15, 2022, Plaintiff Snyder received a call to his landline from the phone number 858-705-4277. Plaintiff did not answer this call and received a pre-recorded voicemail to his landline phone promoting the products and services offered by Larry H Miller Jeep Chrysler.

---

[18] *Id.*
[19] *Id.*

24.    On or around March 25, 2022, Plaintiff Snyder received another call from the same phone number 858-705-4277. Plaintiff answered this call and a pre-recorded message promoting the products and services offered by Larry H Miller Jeep Chrysler started playing. Plaintiff Snyder wanted to speak with the telemarketer to ask them to stop calling his phone, but the pre-recorded message did not provide an option to speak to a representative, or to opt-out of receiving calls from that phone number.

25.    This phone number 858-705-4277 belongs to Joseph Jaehnig, an employee of Defendant LHM Dealerships working as an Internet Sales Manager at their Surprise, AZ franchise:



[20] https://www.linkedin.com/in/joe-jaehnig-4b6753163/
[21] Id.

26.     Plaintiff Snyder was not looking to buy a car and did not give his express written consent to the Defendant or their agents to place telemarketing calls to his landline phone.

27.     The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Snyder in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

28.     Seeking redress for these injuries, Plaintiff Snyder, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

29.     Plaintiff Snyder brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant, or an agent calling on behalf of the Defendant, called on their residential landline phone number or cellular phone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call the Plaintiff.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant, or an agent on behalf of the Defendant, called more than one time, (2) within any 12-month period, (3) where the person's residential phone number had been listed on the National Do Not Call Registry for at least thirty days (4) for a similar purpose as Plaintiff was called.

30.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

31.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

32.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     whether Defendant or its agents placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b)     whether Defendant placed multiple calls to Plaintiff and members of the Do Not Call Registry Class without first obtaining consent to make the calls;

(c)     whether the calls constitute a violation of the TCPA;

(d)     whether Class members are entitled to an injunction against the Defendant preventing them from making unsolicited prerecorded calls; and

(e)     whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

33.    **Adequate Representation**: Plaintiff Snyder will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Snyder has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Snyder and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Snyder nor his counsel have any interest adverse to the Classes.

34.     **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Snyder. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Snyder and the Pre-recorded No Consent Class)

35.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

36.     Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff Snyder and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

37.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Snyder and the other members of the Pre-recorded No Consent Class.

38.     The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff Snyder and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Snyder and the Do Not Registry Class)**

39.     Plaintiff repeats and realleges paragraphs 1 through 34 of this Complaint and incorporates them by reference.

40.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

42.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

44.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Snyder individually and on behalf of the Classes, prays for the following relief:

a)      An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b)      An award of actual and/or statutory damages and costs;

c)      An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)      An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e)      Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Snyder requests a jury trial.

                              **RONALD SNYDER**, individually and on
                              behalf of all others similarly situated,

DATED this 26th day of April, 2022.


                              By: /s/ Nathan Brown
                              Nathan Brown (SBN 033482)
                              BROWN PATENT LAW
                              15100 N 78th Way Suite 203
                              Scottsdale, AZ 85260
                              Phone: 602-529-3474
                              Nathan.Brown@BrownPatentLaw.com


                              Avi R. Kaufman
                              kaufman@kaufmanpa.com
                              KAUFMAN P.A.
                              237 S Dixie Hwy, 4th Floor
                              Coral Gables, FL 33133
                              Telephone: (305) 469-5881


                              *Attorney for Plaintiff and the putative Class*