WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Snyder, | No. CV-22-00705-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Landcar Management LTD, | |
| Defendant. | |

Pending before the Court is Defendant Landcar Management LTD's motion to dismiss Plaintiff Ronald Snyder's first amended complaint. (Doc. 15.) The motion is fully briefed and is denied for the reasons below.[1] (Docs. 20, 21.)

**I. Background[2]**

Plaintiff registered his residential landline phone number with the national do-not-call list in 2006. In March 2022, he received a call to his landline from phone number 858-705-4277. He did not answer that call and received a pre-recorded voicemail promoting the products and services offered by Larry H Miller Jeep Chrysler, the business name of Defendant. The phone number is associated with Joe Jaehnig, at that time an employee of

---

[1] Oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] The background comes entirely from the first amended complaint, (Doc. 12), and Plaintiff's "well-pled factual allegations are taken as true and construed in the light most favorable to [him]." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

Defendant's.

Later in March 2022, he received another call from the same number. He answered this call, and the same or similar pre-recorded message began playing. Plaintiff never consented to these calls. Plaintiff alleges that the calls were made using a dialing platform providing ringless voicemail ("RVM") services. Plaintiff also alleges that RVM technology isn't foolproof: sometimes an RVM can belie its moniker and ring a telephone, especially on calls made to landlines. Plaintiff sued Defendant under the Telephone Consumer Protection Act, alleging that Defendant violated 47 U.S.C. § 227(c) by soliciting him at a phone number he had placed on the do-not-call list over a decade ago.

**II. Subject-Matter Jurisdiction: Standing**

Defendant challenges Plaintiff's standing to bring a TCPA claim, a component of subject-matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010). This challenge is properly raised under Federal Rule of Civil Procedure 12(b)(1), and it may take two forms: facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). This attack is a factual one because Defendant challenges the factual possibility that Plaintiff received a call that rang his phone. (Doc. 15 at 2.)

To resolve a "factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air*, 373 F.3d at 1039. The Court need not presume the truthfulness of a plaintiff's allegations. *Id.* Instead, once a defendant has presented affidavits or other evidence properly brought before the Court, the plaintiff bears the burden to "prov[e] by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Three elements must be present for a plaintiff to have standing: (1) the plaintiff must have "suffered an injury in fact;" (2) there must be a "causal connection between the injury and the conduct complained of;" and (3) it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555, 560-561 (1992). Defendant attacks only the first element. An injury in fact must be concrete and particularized. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334 (2016).

The Ninth Circuit is clear: a bare procedural "violation of the TCPA is a concrete, *de facto* injury."[3] *Van Patten v. Vertical Fitness Grp.*, *LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017). In other words, properly stating a violation of the TCPA, without more, establishes the injury in fact requirement. For this reason, the Court is unpersuaded by Defendant's reliance on out-of-circuit cases to establish that standing under the TCPA requires a showing beyond a mere procedural violation—like shouldering the costs of printing unwanted faxes, or missing calls when a telemarketer ties a line up, or significant time spent reviewing voicemails. (Doc. 15 at 8 (citing *Grigorian v. FCA US LLC*, 838 F. App'x 390, 394 (11th Cir. 2020) and *Dickson v. Direct Energy, LP*, No. 5:18CV182, 2022 WL 889207, at *3 (N.D. Ohio Mar. 25, 2022)).)

Plaintiff's TCPA claims arise under 47 U.S.C. § 227(c). To establish a procedural violation, Plaintiff need merely allege that he (1) placed his phone number on the do-not-call list and yet (2) received an unsolicited telemarketing call to that number. 47 C.F.R. § 64.1200(c)(2) (implementing 47 U.S.C. § 227(c)); *see also Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1223 (9th Cir. 2022). Plaintiff alleges he received two unsolicited phone calls from Defendant regarding Defendant's products and services. He has thus alleged, at minimum, a procedural violation of the TCPA, which establishes standing. Were Defendant's challenge a facial challenge, the inquiry would end here.

But Defendant contends it is a factual impossibility that Plaintiff answered a call or that Defendant caused Plaintiff's landline to ring because it "only would have reached out [to Plaintiff] via ringless voicemail." (Docs. 15 at 7, 15-1 at 2.) And receiving an RVM, according to Defendant, is not a concrete or particularized injury because it is not a "call" that triggers liability under the TCPA.

---

[3] Because of this statement of law, the standing analysis will resemble the analysis under Rule 12(b)(6), but they are separate. For standing under the TCPA, a Plaintiff may establish that he has suffered an injury merely by properly alleging a violation of the TCPA.

The Ninth Circuit defines a call under the TCPA as "to communicate with or try to get into communication with a person by telephone." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). *Satterfield* reached this conclusion by reviewing *In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003) (hereinafter "*2003 Report & Order*") and adopting the Federal Communications Commission's ("FCC") definition. *Id.* at 955. That same FCC order also addresses pre-recorded calls that are delivered to answering machines:

> Congress found that "residential telephone subscribers consider automated or prerecorded telephone calls . . . to be a nuisance and an invasion of privacy." It also found that "[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Congress determined that such prerecorded messages cause greater harm to consumers privacy than telephone solicitations by live telemarketers. *The record reveals that consumers feel powerless to stop prerecorded messages largely because they are often delivered to answering machines and because they do not always provide a means to request placement on a do-not-call list.*

*2003 Report & Order*, 18 F.C.C. Rcd. at 14097 (footnotes omitted) (emphasis added). The Ninth Circuit recognizes not only traditional phone calls as "calls" under the TCPA but also text messages. *Van Patten*, 847 F.3d at 1043 ("Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients").

Defendant's RVM argument adds a wrinkle not contemplated by *the 2003 Report & Order*: a RVM can cause a pre-recorded messages to end up on answering machines without first ringing the telephone associated with that answering machine. But whether a phone rings or not, a RMV enables a telemarketer to "get in touch" with a consumer via telephone by communicating a message to the consumer's voicemail for the consumer to hear. And it's not clear why leaving a voicemail using "ringless" technology would be any less of a nuisance or invasion of privacy or ameliorate the "powerless[ness]" consumers

feel when they confront an answering machine with unsolicited, prerecorded telemarketing calls.

The Court concludes that RVMs fall within the scope of the TCPA's definition of a call: "to communicate or try to get into communication with a person by telephone." *Satterfield*, 569 F.3d 954; *see Caplan v. Budget Van Lines, Inc.*, No. 220CV130JCMVCF, 2020 WL 4430966, at *4 (D. Nev. July 31, 2020). Thus, even crediting Defendant's argument that Plaintiff would have only ever received RVMs from Defendant, receipt of RVMs are calls under the TCPA, which establishes injury in fact. Plaintiff has standing.

**III. Prudential Standing**

Defendant further contends that Plaintiff does not fall into the "zone of interests" that the TCPA was designed to protect and therefore lacks prudential standing. Not so. Congress enacted the TCPA to safeguard consumer privacy by protecting consumers from unwanted marketing calls. *Van Patten*, 847 F.3d at 1043. Further, the Congressional record "reveals that consumer feel powerless" when confronted with prerecorded telemarketing messages, even those messages "delivered to answering machines." *2003 Report & Order*, 18 F.C.C. Rcd. at 14097 (2003). Even assuming that Plaintiff received RVMs, the end result was the same: a prerecorded telemarketing message would have been delivered to his answering machine, triggering the privacy and nuisance concerns Congress had when it enacted the TCPA. Plaintiff's allegations fall into the TCPA's zone of interests.

**IV. Failure to State a Claim**

To survive motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions

couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

Defendant's sole argument under Rule 12(b)(6) dovetails with its standing argument, that Plaintiff has not alleged he received a call under the TCPA because RVMs are not calls under the TCPA. For the reasons set out above, the Court rejects this argument. RVMs are calls under the TCPA. *See, e.g.*, *Caplan*, 2020 WL 4430966, at *4.

**V. The Remedies**

Defendant argues that Plaintiff has not pled sufficient facts to allege the proper state of mind for treble damages. But Rule 9(b) allows a plaintiff to plead state of mind generally, and Plaintiff has done so here. The Court will not preclude this remedy at the pleading stage.

Defendant also argues that Plaintiff has not pled sufficient facts to show a threat that Defendant would call him again. But Plaintiff has alleged that he received two calls from Defendant, so it is plausible that he might receive another call from Defendant. There is no reason to foreclose this potential remedy on a motion to dismiss.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 15) is **DENIED**.

Dated this 23rd day of March, 2023.

Douglas L. Rayes
United States District Judge